**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MARVIN SAENZ DIAZ,

Petitioner,

v.

JEFFREY CRAWFORD, *et al.,*

Respondents.

Case No. 2:26-cv-788

# ORDER

On July 31, 2026, the Court ordered the respondents to provide Marvin Saenz Diaz's with a bond hearing under 8 U.S.C. § 1226(a) no later than August 5, 2026. ECF No. 8 at 8. On August 6, 2026, the petitioner filed a counseled motion to enforce the Court's Order (ECF No. 10), asserting that he has not yet been given a bond hearing.

The Court directed the respondents to respond to the motion to enforce by 3:00 p.m. on August 10, 2026, and stated that failure to respond within that timeframe would result in the Court treating the motion as unopposed. ECF No. 13. The respondents did not file a response by the deadline. Accordingly, the motion to enforce the judgment (ECF No. 10) is unopposed.

In this case, the Court's remedy was implicitly conditional: Rather than ruling directly on whether the petitioner should be released, the Court ordered a bond hearing—effectively determining that the petitioner *may* be entitled to release. ECF No. 8. Because the respondents violated the terms of the conditional writ, immediate

release is the proper remedy. *See Wolfe v. Clarke*, 718 F.3d 277, 291 (4th Cir. 2013) (directing the district court to order a habeas petitioner released from custody after the government failed to comply with a conditional habeas order); *see also Quituizaca v. Barr*, No. 1:20-cv-403, 2021 WL 6797494 (W.D.N.Y. Jan. 5, 2021) (ordering release from immigration custody as a remedy for failure to provide a bond hearing that complied with the court's order); Brian R. Means, Federal Habeas Manual § 13:6 (2026) ("failure to comply with a conditional order [] will generally result in the prisoner's release").

Accordingly, the petitioner's motion to enforce judgment (ECF No. 10) is **GRANTED**.

The respondents **SHALL** immediately release Petitioner Marvin Saenz Diaz from federal immigration custody, under reasonable and appropriate conditions of supervision.

The respondents **SHALL** notify the Court no later than 3:00 p.m. on August 11, 2026, that the petitioner has been released and **SHALL** declare the time and location where the release took place.

The respondents are **ENJOINED** from rearresting the petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

The respondents are **FURTHER ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

The Clerk is **DIRECTED** to provide a copy of this Order to Kent Porter, Supervisor of the Civil Division of the United States Attorney's Office for the Eastern District of Virginia, Norfolk Division.

**IT IS SO ORDERED**.

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 10, 2026

[1] Courts in this district have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).